**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CAUSE OF ACTION** <br> 1919 Pennsylvania Ave., NW, Suite 650 <br> Washington, D.C. 20006, <br><br> Plaintiff, <br><br> v. <br><br> **INTERNAL REVENUE SERVICE** <br> 1111 Constitution Ave., NW <br> Washington, D.C. 20224, <br><br> Defendant. | Case No. _____ <br><br><br> Judge: _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Cause of Action (Plaintiff or CoA) hereby files this Complaint to ensure the Internal Revenue Service's (IRS) compliance with the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). As grounds therefor, Plaintiff respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.* and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

2. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C) and 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Cause of Action, whose principal place of business is 1919 Pennsylvania Ave., NW, Suite 650, Washington, D.C. 20006, is a nonprofit, nonpartisan organization that educates the public on how government transparency and accountability protects economic

opportunities for the American taxpayers. In furtherance of its public education mission, Plaintiff regularly requests access to the public records of federal government agencies, entities, and offices, and disseminates its findings.

4. Defendant, the Internal Revenue Service, is an agency under 5 U.S.C. § 552(f)(1) that has improperly withheld and redacted responsive documents, has conducted an inadequate search for responsive records, and has failed to properly segregate non-exempt records in response to Plaintiff's FOIA request. The IRS has possession, custody, and control of the records that are the subject of this Complaint, but has illegally denied Plaintiff access to same.

## FACTS

5. Section 6103 of the Internal Revenue Code (IRC) provides that, subject to certain exceptions, the IRS shall keep tax returns and "return information," as defined in the IRC and its accompanying regulations, confidential.

6. According to IRC § 6103(g), however, the IRS is authorized to disclose tax returns and return information to the President of the United States, signed by him personally, or to such employee or employees of the White House Office of the President as the President may designate by name in such request.

7. On October 9, 2012, Plaintiff sent a FOIA request to the IRS seeking the following documents:

> 1. All documents, including but not limited to emails, letters, and telephone logs or other telephone records, constituting communications to and/or from any employee of the IRS concerning any FOIA request or lawsuit that relates to I.R.C. § 6103(g);
> 
> 2. All documents, including notes and emails, referring or relating to any communication described in request #1;

    3. Any communications by or from anyone in the Executive Office of the President constituting requests for taxpayer or "return information" within the meaning of § 6103(a) that were not made pursuant to § 6103(g);

    4. All documents, including notes and emails, referring or relating to any communication described in request #3;

    5. All requests for disclosure by any agency pursuant to IRC §§ 6103(i)(1), (i)(2), and (i)(3)(A);

    6. All documents, including communications not limited to notes, emails, letters, memoranda and telephone logs or other telephone records, referring or relating to records described in request #5;

    7. All documents, including but not limited to emails, letters, telephone logs, and reports pertaining to any investigation by the Treasury Inspector General for Tax Administration into the unauthorized disclosure of § 6103 "return information" to anyone in the Executive Office of the President; and

    8. From the time period of March 27, 2012, to the present, all documents, including e-mail communications, constituting or relating to a request by the President or anyone designated by the President in his Executive Office for tax records under §6103(g)(1).

(Ex. 1)

    8.    By letter dated October 31, 2012, the IRS acknowledged receipt of Plaintiff's FOIA request, and indicated it was unable to respond within the statutorily required period. The IRS extended its response date by ten (10) business days under the FOIA, and asked Plaintiff to voluntarily agree to extend their deadline to January 31, 2013. This letter also acknowledged

that Plaintiff had a right to sue for non-responsiveness after November 22, 2012, when the 30-day period had expired. (Ex. 2)

9. By letter dated December 11, 2012, the IRS provided an interim response addressing items 3-8 of the request. For items 3 and 4, the IRS stated that the only requests that White House personnel made under IRC § 6103(g) were "tax checks" made for the purpose of employment screening. For items 5 and 6, the IRS withheld an unspecified amount of this information under FOIA Exemption 3, 5 U.S.C. § 552(b)(3), stating that "Information with respect to any of the requests is taxpayer specific and subject to the confidentiality provisions of IRC section 6103 and is therefore being withheld under FOIA exemption (b)(3) asserted in conjunction with IRC Section 6103(a)." The IRS referred item 7 to TIGTA. For item 8, the IRS stated it "found no documents specifically responsive to this portion" of Plaintiff's request. In this same letter, the IRS granted Plaintiff a waiver of any fees associated with this FOIA request. (Ex. 3)

10. By letter dated January 30, 2013, the IRS informed Plaintiff that it needed additional time to process items 1 and 2 of Plaintiff's request, and that the IRS would contact Plaintiff by March 15, 2013 if it was unable to fully respond by that date. (Ex. 4)

11. On March 4, 2013, the IRS issued its final response. With respect to items 1 and 2 of Plaintiff's FOIA request, the IRS informed Plaintiff that it had located a total of 796 pages. The IRS withheld six pages in full and 289 pages in part, releasing the remainder (501 pages) in full. It also withheld in part an unspecified number of pages that allegedly were "outside the scope" of Plaintiff's FOIA request. The IRS claimed FOIA Exemptions 5 and 6 for its withholdings. Under Exemption 5, the IRS explained that the three primary privileges covered by this exemption were the deliberative process privilege, attorney work product privilege, and

attorney-client privilege.  However, the IRS did not indicate which of these privileges it was actually relying upon, nor did it provide a reasoned explanation for its withholdings.  For Exemption 6, the IRS merely recited the statutory language by stating that Exemption 6 "exempts from disclosure files that, if released would clearly be an unwarranted invasion of personal privacy.  These include medical, personnel, and similar files."  *See* 5 U.S.C. § 552(b)(6).  The IRS claimed to balance the interests of individual privacy against the public's right to access information, but provided no further information to substantiate its withholdings. (Ex. 5)

12. In response to Items 3 through 6 of Plaintiff's FOIA request, the IRS again refused to disclose this information, asserting as it did in its December 11, 2012 letter that the information Plaintiff sought was for "tax checks" conducted by the IRS on prospective executive employees and was "taxpayer specific information" that was "subject to the confidentiality provisions of IRC section 6103."  The IRS invoked Exemption 3 to withhold this information in full.

13. In response to Item 7 of Plaintiff's FOIA request, the IRS again noted that it had referred this portion of the request to TIGTA for processing.

14. In response to Item 8 of Plaintiff's FOIA request, the IRS reiterated that it had "no record of request from the White House or President of the United States pursuant to IRS 6103(g)(1)."

15. By letter dated April 8, 2013, Plaintiff timely appealed the IRS's action of March 4, 2013, disputing the adequacy of the search and the propriety of the IRS's withholdings.  (Ex. 6)

16. In its April 8, 2013 appeal, Plaintiff explained that its request did not seek tax "return information," and therefore the disclosure of requested records was not prohibited by 26 U.S.C. § 6103(a). Plaintiff further explained that, "a communication requesting return information does not itself constitute return information. . . . . [A] request by the White House or the Executive Branch does not include the nature or source of any tax-related information; it is not for the processing of the return or for tax investigation; and it is not data with respect to a return or liability." Additionally, Plaintiff advised that it had "no interest in any underlying return information that the IRS provided to the President or the Executive Branch."

17. In its appeal, Plaintiff also explained that the IRS improperly withheld documents under Exemptions 5 and 6, because the IRS failed to specify how many of the documents it withheld were under Exemption 5 and how many it withheld were under Exemption 6. Under Exemption 5, the IRS "must provide sufficient specificity" to allow Plaintiff "to understand its rationale for withholding the responsive information." This includes identifying the particular privilege invoked and identifying the particular issue or policy to which the redacted information contributed. The IRS failed to meet this standard, and "instead provided a general, conclusory statement invoking Exemption 5, stating only that 'there are three primary privileges covered by this exemption….'"

18. The IRS improperly claimed Exemption 6, because the information Plaintiff sought was not personnel, medical, or similar files ("PMSF"), the specific information protected by Exemption 6. As Plaintiff informed the IRS in its administrative appeal, "Information about such requests is categorically different from the information contained in PMSF. Thus information responsive to our FOIA request would not be found in PMSF, as described in the FOIA statute. Moreover, even if the information we requested was contained in PMSF as set

forth in Exemption 6, its disclosure would not 'constitute a clearly unwarranted invasion of personal privacy.'"

19.   Further, the IRS's search for responsive documents was deficient.  The IRS's search failed to locate documents relating to IRC § 6103(g) that were submitted to another requester, Citizens for Responsibility and Ethics in Washington, in 2012.  (See Ex. 6 at 5). Plaintiff drew this to the IRS's attention, when it stated in its administrative appeal that "[t]he IRS has either failed to undertake an adequate search 'reasonably calculated to uncover all relevant documents,' or failed to disclose that it withheld responsive documents -- both of which are impermissible under the law."  The IRS also improperly limited the scope of its search by construing Plaintiff's FOIA request to pertain only to 'tax checks', which are authorized by statute, and not to unauthorized requests for taxpayer or return information, as Plaintiff's FOIA request clearly includes.  Again, Plaintiff drew this to the IRS's attention when it stated that "the IRS conducted an unreasonably narrow search given the language of CoA's request, and the search was not reasonably calculated to uncover all White House requests made outside the scope of IRC section 6103(g), including any requests not authorized by statute."

20.   Finally, the IRS failed to properly segregate the reasonably segregable portions of responsive records, as required by law.  Many of the documents the IRS withheld are withheld in their entirety.  Other documents are redacted in all but a minor portion.  As Plaintiff informed the IRS in its appeal, "[i]t is highly likely that non-exempt material is contained within the documents currently withheld in their entirety."

21.   By letter dated April 22, 2013, the IRS Appeals Office acknowledged receipt of Plaintiff's administrative appeal and assigned it case number F13286-0081.  (Ex. 7)

7

22. By letter dated May 6, 2013, the IRS denied Plaintiff's appeal, stating that it had "reviewed the response of the Disclosure Specialist, the Disclosure database, as well as the documents withheld and have determined that the response was appropriate." The IRS's decision summarized the administrative record but provided no further analysis or reasoning for its denial of Plaintiff's appeal.  (Ex. 8)

## COUNT 1

## FOR VIOLATING FOIA BY IMPROPERLY WITHHOLDING RECORDS UNDER EXEMPTIONS 3, 5, AND 6; FOR FAILURE TO CONDUCT A REASONABLE SEARCH; AND FOR FAILURE TO PROPERLY SEGREGATE NONEXEMPT DOCUMENTS

23. Plaintiff repeats paragraphs 1-22.

24. Plaintiff has exhausted applicable administrative remedies.

25. Because Exemptions 3, 5, and 6 of the FOIA do not apply to the records withheld in this case, the IRS's failure to disclose them to Plaintiff violates FOIA, 5 U.S.C. § 552.

26. The IRS's failure to conduct a reasonable search for records and to properly segregate non-exempt records violates FOIA, 5 U.S.C. § 552.

27. Plaintiff is entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

I. Enter an order:

    a. Declaring that the IRS has wrongfully withheld the requested records;

    b. Directing the IRS to revise its search such that it would be reasonably calculated to uncover all relevant documents, search for all records responsive to Plaintiff's request, and then demonstrate that it employed appropriate search methods; and

    c. Directing the IRS to produce by a date certain all reasonably segregable, non-exempt records and a <u>Vaughn</u> Index of all records withheld under claim of exemption.

II. Maintain jurisdiction over this action until the IRS complies with the FOIA and all orders of this Court.

III. Award Plaintiff's attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

IV. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated: June 19, 2013

/s/ Daniel Z. Epstein
Daniel Z. Epstein
D.C. Bar No. 1009132
CAUSE OF ACTION
1919 Pennsylvania Ave., NW
Suite 650
Washington, D.C. 20006
(202) 499-4232 (telephone)
(202) 330-5842 (fax)
daniel.epstein@causeofaction.org

/s/ Reed D. Rubinstein
Reed D. Rubinstein, Partner
D.C. Bar No. 440153
DINSMORE & SHOHL LLP
801 Pennsylvania Avenue, NW
Suite 610
Washington, D.C. 20004
(202) 372-9120 (telephone)
(202) 372-9141 (fax)
reed.rubinstein@dinsmore.com